Kenneth A. Hill
Quilling, Selander, Lownds,
  Winslett & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
ATTORNEYS FOR THE TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JEROME ALBERT GRISAFFI, | § | CASE NO. 19-33855-sgj7 |
| | § | |
| DEBTOR. | § | |

**MOTION TO APPROVE SALE OF PUBLICLY
TRADED STOCK, COMBINED WITH BRIEF IN SUPPORT**

NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE ST., DALLAS, TX 75242 BEFORE THE CLOSE OF BUSINESS ON JUNE 12, 2024, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.

ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN.  IF A RESPONSE IS FILED A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.

IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

TO THE HONORABLE STACEY G. C. JERNIGAN, CHIEF UNITED STATES BANKRUPTCY JUDGE:

Areya Holder Aurzada (the "**Trustee**"), in her capacity as the chapter 7 trustee for Jerome Albert Grisaffi (the "**Debtor**"), files this *Motion to Approve Sale of Publicly Traded Stock, Combined with Brief in Support* (the "**Motion**"), and in support hereof would respectfully show as follows:

# I. BACKGROUND

1. On November 19, 2019, the Debtor filed a voluntary petition in this Court for relief under chapter 11 of the United States Bankruptcy Code. On April 16, 2020, this Court entered an order converting the case to chapter 7. Diane G. Reed was initially appointed as trustee, but resigned on February 27, 2024. Areya Holder Aurzada was then appointed as the chapter 7 trustee, and she continues to serve in that capacity.

2. The Debtor's non-exempt assets include 8,158,000 shares of common stock in MDM Permian, Inc., a Nevada corporation (the "**Remaining MDMP Stock**"). The Remaining MDMP Stock is a "penny stock" with volatile price fluctuations and low trading volumes.

3. On September 29, 2022, this Court entered an *Amended Order Granting Trustee's Motion to Approve Sale of Stock* (Dkt. No. 153), which authorized Diane Reed, as chapter 7 trustee for the Debtor, to sell the MDMP Stock without any limitation on the per share sale price. According to Ms. Reed's counsel, Ms. Reed sold 2,805,700 shares of the Debtor's common stock in MDM Permian, Inc. in accordance with that Order.

4. The Trustee is not aware of any liens or security interests in the MDMP Stock.

5. The Remaining MDMP Stock is currently held by Glendale Securities, Inc. in an account originally opened by Diane Reed in her capacity as the chapter 7 trustee for the Debtor.

# II. PROPOSED SALE

6. The Trustee seeks authority to do all of the following:

    (a) sell the Remaining MDMP Stock through ordinary sales through the public stock market through Glendale Securities, Inc. in which the number of shares, minimum price per share, and timing of each sale are determined by the Trustee in her sole and absolute discretion;

(b) take whatever actions are reasonably necessary to effectuate the sale of the Remaining MDMP Stock, including but not limited to signing documents, opening a new account with Glendale Securities, Inc. in the name of the Debtor's bankruptcy estate, directing Glendale Securities, Inc. to sell some or all of the Remaining MDMP Stock, and directing Glendale Securities, Inc. to remit the net proceeds of sale directly to the Trustee;

(c) direct Glendale Securities, Inc. to report any tax consequences of the sale to the U.S. Department of Treasury, Internal Revenue Service, under the federal tax identification number of the Debtor's bankruptcy estate (rather than the Debtor's social security number); and

(d) pay Glendale Securities, Inc. all commissions, fees, and expenses associated with the sale out of the proceeds at closing.

### III. ARGUMENT AND AUTHORITIES

7. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

**A. This Court should approve the sale.**

8. Bankruptcy Code section 363(b) provides in pertinent part that a trustee "after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). A trustee must demonstrate a sound business justification for a sale or use of assets outside the ordinary course of business. *See, e.g., In re Continental Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986).

9. Courts look to various factors to determine whether to approve a motion under section 363(b), such as: (i) whether a sound business reason exists for the proposed transaction; (ii) whether fair and reasonable consideration is provided; (iii) whether the transaction has been

proposed and negotiated in good faith; and (iv) whether adequate and reasonable notice is provided. *In re Condere*, 228 B.R. 615, 626 (S.D. Miss. 1998).

10. The sale of the Remaining MDMP Stock satisfies section 363(b) in that a sound business justification exists to sell that property. The sale proposed in this Motion will be made through the public stock market, so the Trustee will receive the full fair market value of the Remaining MDMP Stock at the time of the sale. The proposed sale will maximize the value of estate property for the benefit of creditors.

11. This Motion is being served on all creditors listed on the Debtor's creditor matrix, all three Sureties, and all persons and entities that have filed notices of appearances in this case, which is reasonable notice of the proposed sale.

**B. This Court should waive the fourteen-day stay under Bankruptcy Rule 6004(g).**

12. The Trustee requests that the order approving her sale of the Remaining MDMP Stock state that the fourteen-day stay provided in Fed. R. Bankr. P. 6004(g) not apply to the order. The value of the Remaining MDMP Stock varies over time due to price fluctuations in the stock market, so the Trustee seeks the flexibility to sell the Remaining MDMP Stock any time after entry of the order in case the market value is in decline or is forecasted to decline at that time.

## IV. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Trustee requests that this Court enter an order:

(a) authorizing the Trustee to sell the Remaining MDMP Stock through ordinary sales through the public stock market through Glendale Securities, Inc. in which the number of shares, minimum price per share, and timing of each sale are determined by the Trustee in her sole and absolute discretion;

(b)   authorizing the Trustee to take whatever actions are reasonably necessary to effectuate the sale, including but not limited to signing documents, opening a new account with Glendale Securites, Inc. in the name of the Debtor's bankruptcy estate, directing Glendale Securities, Inc. to sell the Remaining MDMP Stock, and directing Glendale Securities, Inc. to remit the proceeds of sale directly to the Trustee;

(c)   authorizing the Trustee to direct Glendale Securities, Inc. to report any tax consequences of the sale to the U.S. Department of Treasury, Internal Revenue Service, under the federal tax identification number of the Debtor's bankruptcy estate (rather than the Debtor's social security number);

(d)   authorizing the Trustee to pay Glendale Securities, Inc. all commissions, fees, and expenses associated with the sale out of the proceeds at closing;

(e)   ordering that the fourteen-day stay provided in Fed. R. Bankr. P. 6004(g) not apply to the order; and

(f)   granting the Trustee such other and further relief, at law or in equity, to which she may be justly entitled.

Respectfully submitted,

QUILLING, SELANDER, LOWNDS,
  WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

By: */s/ Kenneth A. Hill*
        Kenneth A. Hill
        State Bar No. 09646950
ATTORNEYS FOR THE TRUSTEE

## **CERTIFICATE OF CONFERENCE**

I hereby certify that no conference was held concerning the relief requested in this motion because I reasonably estimate that the number of opposing parties may be too numerous to contact before filing this motion.

                                               */s/ Kenneth A. Hill*
                                               Kenneth A. Hill

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served concurrently with the filing of the same (a) via the Court's CM/ECF noticing system upon all persons who have filed ECF appearances in this case and (b) via first class mail, postage prepaid, on all persons and entities set forth on the attached service list.[1]

                                               */s/ Kenneth A. Hill*
                                               Kenneth A. Hill

---

[1] The service list is omitted from service copies to avoid unnecessary copying and postage charges, but a copy can be obtained free of charge by making a written request to Diana Cruz at Quilling, Selander, Lownds, Winslett & Moser, P.C., 2001 Bryan Street, Suite 1800, Dallas, Texas 75201, fax (214) 871-2111, e-mail dcruz@qslwm.com.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JEROME ALBERT GRISAFFI, | § | CASE NO. 19-33855-sgj7 |
| | § | |
| DEBTOR. | § | |

### ORDER APPROVING SALE OF PUBLICLY TRADED STOCK

On this date, the Court considered the *Motion to Approve Sale of Publicly Traded Stock, Combined with Brief in Support* (Dkt. No. ___, the **"Motion"**) filed by Areya Holder Aurzada (the "**Trustee**"), in her capacity as the chapter 7 trustee for Jerome Albert Grisaffi (the "**Debtor**"). After reviewing the Motion and considering the record in this case, the Court finds that the Motion has merit and should be granted. In particular, the Court finds as follows:

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

2. The Motion was properly filed and served in accordance with all applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court. No timely response or objection was filed to the Motion.

3. On November 19, 2019, the Debtor filed a voluntary petition in this Court for relief under chapter 11 of the United States Bankruptcy Code. On April 16, 2020, this Court entered an order converting the case to chapter 7. Diane G. Reed was initially appointed as trustee, but resigned on February 27, 2024. Areya Holder Aurzada was then appointed as the chapter 7 trustee, and she continues to serve in that capacity.

4. The Debtor's non-exempt assets include 8,158,000 shares of common stock in MDM Permian, Inc., a Nevada corporation (the "**Remaining MDMP Stock**").

5. The Trustee filed the Motion requesting authority to do all of the following:

(a) sell the Remaining MDMP Stock through ordinary sales through the public stock market through Glendale Securities, Inc. in which the number of shares, minimum price per share, and timing of each sale is determined by the Trustee in her sole and absolute discretion;

(b) take whatever actions are reasonably necessary to effectuate the sale of the Remaining MDMP Stock, including but not limited to signing documents, opening a new account with Glendale Securities, Inc. in the name of the Debtor's bankruptcy estate, directing Glendale Securities, Inc. to sell some or all of the Remaining MDMP Stock, and directing Glendale Securities, Inc. to remit the net proceeds of sale directly to the Trustee;

(c) direct Glendale Securities, Inc. to report any tax consequences of the sale to the U.S. Department of Treasury, Internal Revenue Service, under the federal tax

identification number of the Debtor's bankruptcy estate (rather than the Debtor's social security number); and

(d) pay Glendale Securities, Inc. all commissions, fees, and expenses associated with the sale out of the proceeds at closing.

6. The standards of section 363(b) of the Bankruptcy Code are satisfied in this case to allow the Trustee to sell the Remaining MDMP Stock as proposed in the Motion. Specifically, the proposed sale constitutes a sound exercise of the Trustee's business judgment and is in the best interests of the Debtor's bankruptcy estate.

7. Good cause exists to waive the fourteen-day stay provided in Fed. R. Bankr. P. 6004(g) because the value of the Remaining MDMP Stock varies over time due to price fluctuations in the stock market and the Trustee needs the flexibility to sell the Remaining MDMP Stock any time after entry of the order in case the market value is in decline or is forecasted to decline at that time.

IT IS THEREFORE ORDERED as follows:

(a) the Trustee is hereby authorized to sell the Remaining MDMP Stock through ordinary sales through the public stock market through Glendale Securities, Inc. in which the number of shares, minimum price per share, and timing of each sale are determined by the Trustee in her sole and absolute discretion;

(b) the Trustee is hereby authorized to take whatever actions are reasonably necessary to effectuate the sale, including but not limited to signing documents, opening a new account with Glendale Securites, Inc. in the name of the Debtor's bankruptcy estate, directing Glendale Securities, Inc. to sell the Remaining MDMP Stock, and directing Glendale Securities, Inc. to remit the proceeds of sale directly to the Trustee;

   (c) the Trustee is hereby authorized to direct Glendale Securities, Inc. to report any tax consequences of the sale to the U.S. Department of Treasury, Internal Revenue Service, under the federal tax identification number of the Debtor's bankruptcy estate (rather than the Debtor's social security number);

   (d) the Trustee is hereby authorized to pay Glendale Securities, Inc. all commissions, fees, and expenses associated with the sale out of the proceeds at closing; and

   (e) the fourteen-day stay provided in Fed. R. Bankr. P. 6004(g) shall not apply to this Order.

# # # End of Order # # #

Submitted by:
Kenneth A. Hill
Quilling, Selander, Lownds,
 Winslett & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
ATTORNEY FOR THE TRUSTEE

Jerome Albert Grisaffi
1115 Shores Blvd.
Rockwall, TX 75087

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587 Greenville, SC 29603

The Bank of Missouri
PO Box 105555
Atlanta, GA 30348

Guy H. Holman
Guy Harvey Holman, PLLC
8330 Lyndon B Johnson Fwy Suite 445
Dallas, TX 75243

Discover Bank
Discover Products Inc
PO Box 3025
New Albany, OH 43054

Rocky Mountain High Brands, Inc.
Cowles & Thompson, P.C.
Attn: Bill Siegel
901 Main Street, Suite 3900
Dallas, TX 75202

Joyce W. Lindauer
Joyce W. Lindauer Attorney, PLLC
1412 Main Street Suite 500
Dallas, TX 75202

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101

Bank of America, N.A.
P O Box 982284
El Paso, TX 79998

Jeffery M. Veteto
Joyce W. Lindauer Attorney, PLLC
12720 Hillcrest Road, Ste. 625
Dallas, TX 75230

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern PA 19355

Cavalry SPV I, LLC
500 Summit Lake Drive, Ste 400
Valhalla, NY 10595

U.S. Trustee Office
1100 Commerce Street Room 976
Dallas, TX 75242

Capital One Bank (USA), N.A.
by American InfoSource as agent
PO Box 71083
Charlotte, NC 28272

PYOD, LLC
Resurgent Capital Services
PO Box 19008
Greenville, SC 29602