# FEE APPLICATION COVER SHEET

<u>Final</u> Fee Application of <u>Quilling, Selander, Lownds, Winslett & Moser, P.C.</u>

for the time period of <u>March 6, 2024 through October 22, 2024</u>

Capacity: <u>Counsel to Areya Holder Aurzada, the Chapter 7 Trustee</u>   Chapter: <u>7</u>

Debtor/Case: <u>*Jerome Albert Grisaffi;* Case No. 19-33855-sgj7</u>

Retainer Received: _____   Amount Previously Paid: _____

**Amount Requested:**                                **Reductions:**

Fees:    <u>$8,922.50</u>                        Vol. Fee Reductions: <u>$           </u>

Expenses: <u>$56.50     </u>                     Expense Reductions: _____

Other: _____                          **Total Reductions:** <u>$           </u>

**Total:** <u>$8,979.00    </u>

**Expenses:**

Copies per page: <u>$0.20       </u>             WestLaw/Lexis: <u>$           </u>

Faxes per page: <u>No Charge    </u>            Other (specify): <u>Postage, Pacer, research, court fees, etc.</u>

**Hourly Rates:**      Attorney/Accountant           Paralegal/Clerical

Highest Rates: <u>   $475.00      </u>            <u>   $150.00      </u>

Hours Billed: <u>     22.00       </u>            _____

Average: <u>      $405.57      </u>

<u>/s/ Kenneth A. Hill          </u>              <u>October 30, 2024       </u>
Signature                                         Date

4840-9671-2496, v. 1

Kenneth A. Hill
Quilling, Selander, Lownds,
  Winslett & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
ATTORNEYS FOR THE TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JEROME ALBERT GRISAFFI, | § | CASE NO. 19-33855-sgj7 |
| | § | |
| DEBTOR. | § | |

**FINAL APPLICATION FOR ALLOWANCE OF FEES AND
EXPENSES OF QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**

**NOTICE**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE ST., DALLAS, TX 75242 BEFORE THE CLOSE OF BUSINESS ON NOVEMBER 20, 2024, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN.  IF A RESPONSE IS FILED, A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

TO THE HONORABLE STACEY G. C. JERNIGAN, CHIEF UNITED STATES BANKRUPTCY JUDGE:

Quilling, Selander, Lownds, Winslett & Moser, P.C. ("**QSLWM**"), counsel to Areya Holder Aurzada, Chapter 7 Trustee (the "**Trustee**"), files its Final Application for Allowance of Fees and Expenses (the "**Application**"), and would respectfully show the Court as follows:

## I.  EMPLOYMENT AND PRIOR COMPENSATION

1.  On November 19, 2019, the Debtor filed a voluntary petition in this Court for relief under chapter 11 of the United States Bankruptcy Code.  On April 16, 2020, this Court entered an order converting the case to chapter 7.  Diane G. Reed was initially appointed as trustee, but she resigned on February 27, 2024.  Areya Holder Aurzada was then appointed as the chapter 7 trustee, and she continues to serve in that capacity.

2.  On March 8, 2024, the Trustee filed an application for authority to employ QSLWM as her general bankruptcy counsel in this case (Dkt. No. 177).  On April 4, 2024, this Court entered an order approving the Trustee's employment of QSLWM (Dkt. No. 181).

3.  QSLWM has not requested or received any fees or expenses for services provided to the Trustee in this case.

4.  This Application covers the period of time from March 6, 2024 through October 22, 2024. No agreement exists between QSLWM and any other person or entity for the sharing of compensation to be received for services rendered in connection with this case, except that such compensation will be shared among the employees of QSLWM.

5.  The Trustee has reviewed and approved the compensation requested in this Application, subject to this Court's approval.

## II.  CASE STATUS

6.  Diane Reed liquidated assets and paid the allowed chapter 7 administrative expenses of her general bankruptcy counsel (Reed & Elmquist), her special counsel (Bryan Clark), and her accountant (Sheldon Levy) in accordance with orders approving their respective fee applications (Dkt. Nos. 160, 174, and 179).

7.  After the Trustee was appointed, Diane Reed turned over $21,657.68 to the Trustee.

8. With this Court's approval, the Trustee sold 8,158,000 shares of stock in MDM Permian, Inc., a Nevada corporation on the public stock market and received net proceeds totaling $53,467.95.

9. The Trustee is not aware of any other material assets to investigate, pursue, or administer in this case.

10. The claims bar date in this case was April 16, 2020. QSLWM reviewed all proofs of claim and filed an objection to one proof of claim. That objection has been resolved by a final order of this Court.

11. The Trustee is holding approximately $75,000.00 in this bankruptcy estate. In this Application, QSLWM requests approval for fees and expenses totaling $8,979.00. The only other unpaid administrative expenses in this case are:

    (a) chapter 7 administrative expenses:

        (i) the Trustee's commission and expenses, which are expected to total approximately $7,000.00; and

        (ii) the fees and expenses of the Trustee's accountant, which total $3,427.60;

        (iii) unpaid quarterly fees of the United States Trustee totaling $975.61 (Claim No. 11-1); and

    (b) chapter 11 administrative expenses: fees and expenses of Joyce W. Lindauer, PLLC, the Debtor's attorney, totaling $24,220.87 (Dkt. No. 107).

Thus, the Trustee is holding sufficient funds to pay all allowed administrative expenses in full and pay a meaningful distribution to creditors.

12.     The Trustee does not believe it would be feasible to pay an interim distribution to creditors at this time. The Trustee expects to be able to file a final report in the near future, so she believes it would be more cost-effective to complete the administration of the estate and make a single, final distribution.

### III. ATTORNEY'S FEES AND EXPENSES

13.     From March 6, 2024 through October 22, 2024, the Trustee incurred attorney's fees in the aggregate amount of $8,922.50 and expenses in the aggregate amount of $56.50 with respect to QSLWM's representation.

14.     Following is a billing summary showing the hours and total compensation aggregated and itemized as to each professional and paraprofessional who provided compensable services:

| Name | Hours | Rate | Total |
|---|---|---|---|
| Kenneth A. Hill | 17.3 hrs. | @ $475.00 | = $8,217.50 |
| Diana Cruz | 4.7 hrs. | @ $150.00 | = $705.00 |
| Total | 22.0 hrs. | | $8,922.50 |

15.     Exhibit "A," which is attached hereto and incorporated herein by reference for all purposes, conveys the following information for the time period covered by this Application: (a) the number of hours worked by each attorney and staff member on a particular day; (b) the manner and type of work performed by each attorney and staff member; (c) the billing rate for each person rendering service in this matter; (d) the monetary value assigned to each task performed by a given attorney and/or staff member; and (e) the amount and description for all expenses for which QSLWM seeks reimbursement.

16.     All photocopies included in this Application were billed at $0.20 per page, and all other expenses were billed at the actual cost.

## IV. SUMMARY OF SERVICES RENDERED

17. Following is a summary of services rendered with the total time and fees attributable to each general category:

**a. General/Administrative.** QSLWM communicated with the Trustee regarding the Debtor's assets, liabilities, and financial affairs, the status of various matters, and strategies for maximizing the value of the Debtor's bankruptcy estate. QSLWM reviewed the Debtor's bankruptcy schedules, statement of financial affairs, and other documents filed in the case. QSLWM obtained additional documents and information from creditors and researched public records to investigate possible non-exempt assets. QSLWM prepared and filed applications and orders to obtain this Court's approval of the Trustee's employment of QSLWM as her bankruptcy counsel and Lain, Faulkner & Co., P.C. as her accountants in this case.

| | | | | |
|---|---|---|---|---|
| Kenneth A. Hill | 6.4 hrs. | @ $475.00 | = | $3,040.00 |
| Diana Cruz | 1.4 hrs. | @ $150.00 | = | $210.00 |
| Total | 7.8 hrs. | | | $3,250.00 |

**b. Sale of Stock.** QSLWM reviewed court filings by Diane Reed and her counsel concerning her prior sale of some MDM Permian, Inc. stock, her employment of Glendale Securities, Inc. as her stock broker to sell the stock, and the remaining MDM Permian, Inc. stock for the Trustee to liquidate. QSLWM researched public records regarding current and historical prices of the MDM Permian, Inc. stock. QSLWM had extensive communications with the Trustee and Glendale Securities, Inc. about the logistics of selling the remaining MDM Permian, Inc. stock from the account that was still held in the name of Diane Reed. QSLWM drafted a motion and order to obtain this Court's approval for the Trustee to sell the remaining MDM Permian, Inc. stock with all necessary findings and rulings needed for Glendale Securities, Inc. to accept the Trustee's instructions to sell the stock. The Trustee received net proceeds totaling $53,467.95 from the sale of that stock. QSLWM reviewed documents and information from Glendale Securities, Inc. concerning the fees associated with the sale and prepared and filed a report of sale with this Court.

| | | | | |
|---|---|---|---|---|
| Kenneth A. Hill | 7.2 hrs. | @ $475.00 | = | $3,420.00 |
| Diana Cruz | 0.4 hrs. | @ $150.00 | = | $60.00 |
| Total | 7.6 hrs. | | | $3,480.00 |

**c. Claim Objections.** QSLWM reviewed all proofs of claim and filed an objection to one proof of claim. That objection has been resolved by a final order of this Court.

| | | | | |
|---|---|---|---|---|
| Kenneth A. Hill | 1.6 hrs. | @ $475.00 | = | $760.00 |
| Diana Cruz | 1.3 hrs. | @ $150.00 | = | $195.00 |
| Total | 2.9 hrs. | | | $955.00 |

**d. Fee Applications.** QSLWM prepared this Application and a final fee application for Lain, Faulkner & Co., P.C., notices of filing same, and proposed orders. QSLWM will not seek any compensation for attending a hearing on any fee applications if a hearing is needed.

| | | | | | |
|---|---|---|---|---|---|
| Kenneth A. Hill | 2.1 | hrs. @ | $475.00 | = | $997.50 |
| Diana Cruz | 1.6 | hrs. @ | $150.00 | = | $240.00 |
| Total | 3.7 | hrs. | | | $1,237.50 |

## V. FIRST COLONIAL FACTORS

18. In support of this request for allowance of compensation and reimbursement of expenses, QSLWM respectfully directs this Court's attention to those factors generally considered by Bankruptcy Courts in awarding compensation to professionals for services performed in connection with the administration of a bankruptcy estate, as enumerated in 11 U.S.C. § 330 and developed by case law. Specifically, section 330 provides, *inter alia*, that the allowance of professional compensation should be based upon the time, nature, extent and value of the services rendered as well as consideration of the cost of comparable services rendered in a non-bankruptcy context. The controlling authority in the Fifth Circuit is *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977). In *First Colonial*, the Court of Appeals for the Fifth Circuit identified twelve factors to guide this Court's decision. Those factors as applied to the services rendered in this case by QSLWM for the time period covered by this Application are addressed below.

(a) **The Time and Labor Required.** QSLWM respectfully refers the Court to Exhibit "A," which details the services performed by QSLWM's attorneys and paralegals in this case. The time period covered by this Application spans approximately eight months within which a total of 22.0 hours of attorney and paralegal time has been expended. QSLWM believes that all of the services performed are compensable in that they represent actual and necessary services performed in representing the Trustee in this case.

(b) **The Novelty and Difficulty of the Questions.** The tasks reflected in Exhibit "A" involved factual and legal questions that were of moderate difficulty.

(c) **The Skill Requisite to Perform the Service.** QSLWM believes that practitioners unfamiliar with bankruptcy law would have been required to spend considerably more hours than QSLWM's attorneys and professional staff to perform the same tasks.

(d) **The Preclusion of Other Employment Due to Acceptance of the Case.** QSLWM has not declined any representation solely because of its service as counsel for the Trustee in this case. On occasion, however, QSLWM was not able to devote as much time to other matters as it would have had it not been for its services as counsel for the Trustee in this case.

(e) **The Customary Fee.** The hourly rates sought herein are commensurate with the rates charged and approved in other bankruptcy proceedings pending in the Northern District of Texas. The hourly rates charged by the attorneys and paraprofessionals of QSLWM who worked on this case are as follows:

  (i) Kenneth A. Hill, Tmkr 9 ($475.00 per hour) licensed in 1991 and board certified in Business Bankruptcy Law by the Texas Board of Legal Specialization; and

  (ii) Diana Cruz, Tmkr. 50, paralegal ($150.00 per hour); Ms. Cruz has extensive paralegal training and experience, and QSLWM regularly bills and collects for her time at this rate or higher in other bankruptcy and non-bankruptcy cases.

(f) **Whether the Fee is Fixed or Contingent.** QSLWM's fee is fixed insofar as monies exist in the estate from which to pay such fees. Payment of QSLWM's fees, however, is subject to Court approval and the requirements of the Bankruptcy Code and relevant case law.

(g) **Time Limitations Imposed by the Client or Other Circumstances.** The time requirements of this case have been moderate.

(h) **The Amount Involved and the Results Obtained.** The total amount of funds recovered through the efforts of QSLWM was $53,467.95. That amount will be enough to pay all administrative expenses in full and make a meaningful distribution to unsecured creditors.

(i) **The Experience, Reputation and Ability of the Attorneys.** QSLWM has several attorneys who specialize in the practice of bankruptcy law. The practice of those attorneys regularly includes the representation of debtors, secured creditors, unsecured creditors, trustees and creditors' committees. The reputation of QSLWM's bankruptcy attorneys is recognized and respected in the community. Kenneth A. Hill is Board Certified by the Texas Board of Legal Specialization in Business Bankruptcy Law.

(j) **The Undesirability of the Case.** The representation of the Trustee incident to this case has not been undesirable other than the normal delays and risks associated with payment of legal fees by a trustee in a chapter 7 case.

(k) **The Nature and Length of the Professional Relationship with the Client.** QSLWM did not represent the Trustee in these proceedings prior to being retained as counsel. However, QSLWM has represented the Trustee in other cases prior to being retained in this case and continues to represent the Trustee in other cases.

**FINAL APPLICATION FOR ALLOWANCE OF FEES AND EXPENSES** PAGE 8

(l)     **Award in Similar Cases.** QSLWM believes that the fees requested in this case are less than or equal to those which have been awarded in similar cases pending in this District.

## VI.  CONCLUSION

WHEREFORE, PREMISES CONSIDERED, QSLWM requests that this Court enter an order approving QSLWM's compensation of $8,922.50 for fees and $56.50 for expenses for the period of time from March 6, 2024 through October 22, 2024 and granting QSLWM such other and further relief, general or special, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

QUILLING, SELANDER, LOWNDS
  WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

By:  */s/ Kenneth A. Hill*
    Kenneth A. Hill
    State Bar No. 09646950
ATTORNEYS FOR THE TRUSTEE

## PROFESSIONAL CERTIFICATION

I hereby certify (a) that I am the professional with responsibility to verify compliance with the Guidelines for Compensation and Expense Reimbursement of Professionals as promulgated in the United States Bankruptcy Court for the Northern District of Texas ("Guidelines"); (b) I have read the Application; (c) to the best of my knowledge, information and belief, formed after reasonable inquiry, the compensation and expense reimbursement sought is in conformity with the Guidelines; and (d) the compensation and expense reimbursement requested are billed at rates, in accordance with practices, no less favorable than those customarily employed by QSLWM and generally accepted by QSLWM's clients.

   */s/ Kenneth A. Hill*
   Kenneth A. Hill

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served concurrently with filing by ECF upon all persons who have filed ECF appearances in this case, including the Office of the United States Trustee.

        */s/ Kenneth A. Hill*
        Kenneth A. Hill

Date: 10/22/2024  Case 19-33855-sgj7   Doc 195   Filed 10/30/24   Entered 10/30/24 13:46:33   Desc Main  Page: 1
Detail Transaction File List
Document      Page 12 of 15
Quilling, Selander, Lownds, Winslett & Moser, P.C.

EXHIBIT A

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|---|---|---|---|---|---|---|---|---|---|
| **Client ID 4451.0168 Holder/Areya** | | | | | | | | | |
| 4451.0168 | 03/06/2024 | 9 | H | 20 | 475.00 | 1.10 | 522.50 | Review information from trustee (0.1); review docket sheet and key filings in the bankruptcy case (1.0). | 1 |
| 4451.0168 | 03/08/2024 | 50 | H | 20 | 150.00 | 0.50 | 75.00 | Drafted app to employ QSLWM, declaration, and order regarding same. | 2 |
| 4451.0168 | 03/08/2024 | 50 | H | 20 | 150.00 | 0.10 | 15.00 | Efiled app to employ QSLWM. | 3 |
| 4451.0168 | 03/08/2024 | 9 | H | 20 | 475.00 | 0.20 | 95.00 | Finalize application, declaration, and order to approve employment of QSLWM. | 4 |
| 4451.0168 | 03/11/2024 | 9 | H | 20 | 475.00 | 0.20 | 95.00 | Telephone conference with Trustee regarding assets to liquidate and employment of accountant. | 5 |
| 4451.0168 | 04/02/2024 | 50 | H | 20 | 150.00 | 0.20 | 30.00 | Drafted and efiled certificate of no objection for app to employ QSLWM; uploaded order regarding same. | 6 |
| 4451.0168 | 04/22/2024 | 9 | H | 20 | 475.00 | 0.70 | 332.50 | Review court filing regarding sale of remaining stock, research current and historical stock prices, and communicate with Trustee regarding same. | 7 |
| 4451.0168 | 04/24/2024 | 9 | H | 20 | 475.00 | 0.40 | 190.00 | Telephone and email communications with Trustee's stock broker regarding sale of Debtor's remaining stock and transfer of brokerage account from D. Reed to A. Holder. | 8 |
| 4451.0168 | 05/02/2024 | 9 | H | 20 | 475.00 | 0.10 | 47.50 | Telephone and email communications with stock broker regarding transferring brokerage account to Areya Holder as successor trustee. | 9 |
| 4451.0168 | 05/08/2024 | 9 | H | 20 | 475.00 | 1.80 | 855.00 | Telephone and email communications with Trustee and stock broker regarding brokerage account application (0.5); review lengthy brokerage account agreement and mark revisions to same (1.3). | 10 |
| 4451.0168 | 05/13/2024 | 9 | H | 20 | 475.00 | 1.70 | 807.50 | Telephone conferences with Trustee and stock broker regarding brokerage account application (0.3); draft motion and order to approve sale of non-exempt stock and communicate with stock broker regarding same (1.4). | 11 |
| 4451.0168 | 05/21/2024 | 9 | H | 20 | 475.00 | 0.30 | 142.50 | Telephone conference with stock broker regarding motion and order for authority to sell remaining stock. | 12 |
| 4451.0168 | 05/22/2024 | 50 | H | 20 | 150.00 | 0.10 | 15.00 | Efiled motion to sell publicly traded stock. | 13 |
| 4451.0168 | 05/22/2024 | 9 | H | 20 | 475.00 | 0.10 | 47.50 | Communicate with real estate broker regarding Trustee's motion for authority to sell remaining stock. | 14 |
| 4451.0168 | 05/24/2024 | 50 | H | 20 | 150.00 | 1.00 | 150.00 | Prepared claims analysis summary regarding all proof of claims. | 15 |
| 4451.0168 | 05/28/2024 | 9 | H | 20 | 475.00 | 1.50 | 712.50 | Review all proofs of claim filed in the case and revise summary of claims (0.8); draft objection to claim no. 8-2 filed by Rocky Mountain Brands, Inc. and communicate with attorney for Rocky Mountain Brands, Inc. regarding same (0.7). | 20 |
| 4451.0168 | 05/30/2024 | 9 | H | 20 | 475.00 | 0.20 | 95.00 | Telephone conference with Trustee regarding employment of Lain, Faulkner & Co. as accountants due to retirement of S. Levy (former Trustee's court-approved accountant). | 16 |
| 4451.0168 | 05/31/2024 | 50 | H | 20 | 150.00 | 0.30 | 45.00 | Drafted application to employ accountants, declaration, and order regarding same. | 17 |
| 4451.0168 | 05/31/2024 | 9 | H | 20 | 475.00 | 0.20 | 95.00 | Revise application to employ Lain Faulkner as Trustee's accountants and communicate with Lain Faulkner regarding same. | 18 |
| 4451.0168 | 06/03/2024 | 50 | H | 20 | 150.00 | 0.10 | 15.00 | Efiled application to employ accountants. | 19 |
| 4451.0168 | 06/07/2024 | 50 | H | 20 | 150.00 | 0.10 | 15.00 | Efiled objection to POC 8-2 by Rocky Mountain High Brands, Inc. | 21 |
| 4451.0168 | 06/13/2024 | 50 | H | 20 | 150.00 | 0.20 | 30.00 | Drafted and efiled certificate of no objection for motion to sell publicly traded stock; uploaded order regarding same. | 22 |
| 4451.0168 | 06/13/2024 | 9 | H | 20 | 475.00 | 0.30 | 142.50 | Communicate with creditor regarding possible claims to investigate and pursue against Debtor's ex-wife. | 23 |
| 4451.0168 | 06/14/2024 | 9 | H | 20 | 475.00 | 1.00 | 475.00 | Consider possible claims against Debtor's ex-wife, review bankruptcy schedules and SOFA for same, and communicate with Trustee and creditor regarding same. | 24 |
| 4451.0168 | 06/16/2024 | 9 | H | 20 | 475.00 | 1.60 | 760.00 | Review documents and information from A. David Youssefyeh (1.2); review orders allowing | 25 |

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|---|---|---|---|---|---|---|---|---|---|
| **Client ID 4451.0168 Holder/Areya** | | | | | | | | | |
| | | | | | | | | administrative expenses and communicate with Trustee regarding same (0.4). | |
| 4451.0168 | 06/18/2024 | 9 | H | 20 | 475.00 | 1.30 | 617.50 | Communicate with stock broker regarding order approving sale of publicly traded stock (0.2); communicate with Trustee regarding sale of publicly traded stock (0.2); review document from stock broker regarding sale of publicly traded stock (0.3); draft report of sale for publicly traded stock (0.6). | 26 |
| 4451.0168 | 06/19/2024 | 9 | H | 20 | 475.00 | 0.40 | 190.00 | Review bankruptcy schedules regarding additional stock owned by Debtor, review public records regarding value of that stock, and communicate with Trustee regarding same. | 27 |
| 4451.0168 | 06/24/2024 | 9 | H | 20 | 475.00 | 0.70 | 332.50 | Communicate with Trustee and counsel for largest creditor regarding non-exempt stock owned by the Debtor and research public records to determine value of same. | 28 |
| 4451.0168 | 06/25/2024 | 50 | H | 20 | 150.00 | 0.20 | 30.00 | Drafted and efiled certificate of no objection for app to employ accountants; uploaded order regarding same. | 29 |
| 4451.0168 | 06/25/2024 | 9 | H | 20 | 475.00 | 0.40 | 190.00 | Review documents regarding real estate owned by Trust associated with Debtor's daughter, review public records regarding same, and communicate with attorney for largest creditor regarding same. | 30 |
| 4451.0168 | 06/27/2024 | 9 | H | 20 | 475.00 | 0.10 | 47.50 | Telephone conference with creditor regarding possible claims against La Dolce Vita Trust. | 31 |
| 4451.0168 | 07/11/2024 | 50 | H | 20 | 150.00 | 0.20 | 30.00 | Drafted and efiled certificate of of no response for objection to POC 8-2 by Rocky Mountain High Brands, Inc.; uploaded order regarding same. | 32 |
| 4451.0168 | 07/15/2024 | 9 | H | 20 | 475.00 | 0.20 | 95.00 | Revise summary of claims and communicate with Trustee regarding same (0.1); communicate with Trustee regarding report of sale for publicly traded securities. (0.1) | 33 |
| 4451.0168 | 07/19/2024 | 50 | H | 20 | 150.00 | 0.10 | 15.00 | Efiled report of sale of publicly traded stock. | 34 |
| 4451.0168 | 07/19/2024 | 9 | H | 20 | 475.00 | 0.60 | 285.00 | Communicate with stock broker regarding fees associated with sale of MDPM stock (0.1); finalize report of sale of MDMP stock (0.1); communicate with Trustee and her accountants regarding information for bankruptcy estate tax return (0.4). | 35 |
| 4451.0168 | 07/21/2024 | 9 | H | 20 | 475.00 | 0.90 | 427.50 | Begin drafting final fee application for QSLWM. | 36 |
| 4451.0168 | 07/22/2024 | 50 | H | 20 | 150.00 | 0.80 | 120.00 | Began working on fees worksheet & inputting each into their respective categories for QSLWM fee application. | 37 |
| 4451.0168 | 08/08/2024 | 9 | H | 20 | 475.00 | 0.10 | 47.50 | Communicate with Trustee's accountants regarding information about MDMP stock needed for final estate tax return. | 38 |
| 4451.0168 | 10/14/2024 | 9 | P | 20 | 475.00 | 1.20 | 570.00 | Finalize fee application for Lain Faulkner and draft proposed order and notice of filing same (0.6); finalize fee application of QSLWM (0.4); draft email to Trustee regarding fee applications of Lain, Faulkner and QSLWM (0.2). | 39 |
| 4451.0168 | 10/22/2024 | 50 | P | 20 | 150.00 | 0.80 | 120.00 | Finalized fees worksheet. | 40 |
| | Subtotal for Fees | | | | Billable | 22.00 | 8,922.50 | | |
| 4451.0168 | 04/04/2024 | 9 | H | 88 | | | 16.40 | Paid to Pacer Service for Case Research | 1 |
| 4451.0168 | 07/08/2024 | 9 | H | 88 | | | 40.10 | Paid to Pacer Service for Case Research | 2 |
| | Subtotal for Expenses | | | | Billable | 0.00 | 56.50 | | |
| **Total for Client ID 4451.0168** | | | | | Billable | 22.00 | 8,979.00 | Holder/Areya Jerome Albert Grisaffi | |

**GRAND TOTALS**

| | | | | | | Billable | 22.00 | 8,979.00 | |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JEROME ALBERT GRISAFFI, | § | CASE NO. 19-33855-sgj7 |
| | § | |
| DEBTOR. | § | |

**ORDER GRANTING FINAL APPLICATION FOR ALLOWANCE OF FEES AND EXPENSES OF QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**

On this date, the Court considered the *Final Application for Allowance of Fees and Expenses of Quilling, Selander, Lownds, Winslett & Moser, P.C.* (Dkt. No. ___, the "Application") filed by the law firm of Quilling, Selander, Lownds, Winslett & Moser, P.C. ("QSLWM"), as counsel to Areya Holder Aurzada (the "Trustee"), Chapter 7 Trustee for Jerome Albert Grisaffi. The Court, after considering the record and noting that no objections were filed to the Application, finds that notice of the Application was appropriate and sufficient under the circumstances, the amount sought by QSLWM is reasonable compensation for actual and necessary services rendered to the Trustee pursuant to 11 U.S.C. §§ 330 and 331, and the Application should be granted as set forth below.

**ORDER GRANTING FINAL APPLICATION FOR ALLOWANCE OF FEES
AND EXPENSES OF QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.    PAGE 1**

It is therefore ORDERED that QSLWM is hereby allowed final compensation in the amount of $8,979.00 (which is comprised of $8,922.50 for fees and $56.50 for expenses) for the period of time from March 6, 2024 through October 22, 2024.

It is further ORDERED that the Trustee shall be and hereby is authorized to immediately pay QSLWM the full amount of fees and expenses approved herein.

# # # End of Order # # #

Submitted by:
Kenneth A. Hill
QUILLING, SELANDER, LOWNDS
  WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
ATTORNEYS FOR THE TRUSTEE